UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
*ELECTRONICALLY FILED*

JANE DOE

PLAINTIFF

v. **CIVIL ACTION NO.** 3-16-cv-53-DJH

JEFFERSON COUNTY BOARD OF EDUCATION
d/b/a Jefferson County Public Schools
VanHoose Education Center
332 Newburg Road
Louisville, Kentucky 40218
**SERVE:** Donna Hargens
VanHoose Education Center
3332 Newburg Road
Louisville, Kentucky 40218

DEFENDANT

**COMPLAINT AND JURY DEMAND**

This cause of action arises from Defendant's deliberately indifferent response to student-on-student sexual assault on school premises and subsequent sexual assault of the Plaintiff. Defendant's failure to promptly and appropriately investigate and respond to sexual assault subjected Plaintiff to sexual harassment and a hostile environment effectively denying her access to educational opportunities. This action alleges violations of Title IX and the denial of equal protection of the laws under the Fourteenth Amendment to the U.S. Constitution.

Plaintiff, Jane Doe[1], by counsel, for her Complaint against the Defendant, Jefferson County Board of Education, d/b/a Jefferson County Public Schools ("JCPS"), and states the following:

## PARTIES AND JURISDICTION

1. Jane Doe is an individual residing in Jefferson County, Kentucky and was a minor until she turned eighteen (18) in January, 2015.

2. Defendant, Jefferson County Board of Education, d/b/a Jefferson County Public Schools ("JCPS"), at all times incident hereto, was and presently is an entity operating public elementary, secondary, and high schools in Jefferson County, Kentucky.

3. Jurisdiction is conferred upon this court by 28 U.S.C. § 1331, which provides for original district court jurisdiction over cases presenting federal questions.

4. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1343, which gives district courts original jurisdiction over (a) any civil action authorized by law to be brought by any person to redress the deprivation, under color of any State Law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured

5. Venue is this district is proper pursuant to 28 U.S.C. § 1391.

## FACTS

6. Plaintiff attends Pleasure Ridge Park High School, a public high school in the Commonwealth of Kentucky.

7. On or about April 18, 2015, the Plaintiff, while on the way to class, was sexually assaulted by another student, R.R., at the Pleasure Ridge Park High School operated by the Defendants, JCPS.

---

[1] "Jane Doe" has been substituted for Plaintiff's name for all causes of action brought through this Complaint. Plaintiff was a minor at the time of the sexual assault complained of herein.

8. The incident involving the sexual assault of Plaintiff was captured and recorded on school surveillance video.

9. The recording of the sexual assault of the Plaintiff was viewed by multiple employees and/or agents of Defendant JCPS.

10. Subsequent to viewing the recording of the sexual assault, the video recording was lost or destroyed by employees and/or agents of JCPS.

11. Prior to the April 18, 2015, incident involving Plaintiff, Defendant JCPS had been made aware of at least two other incidents of the same student, R.R., exhibiting violent and sexually assaultive behavior towards other JCPS students.

12. JCPS employees and/or agents working at Pleasure Ridge Park High School made repeated attempts, including requests to other JCPS administrators, to remove R.R. from the school for the protection of the other students, including Plaintiff.

13. Despite the repeated requests from school officials and knowledge of the history of sexually assaultive behavior exhibited by R.R., Defendant JCPS failed to remove or taken appropriate corrective action to protect the other students, including Plaintiff, from R.R.

14. As a direct and proximate result of JCPS' deliberate indifference to the prior incidences of sexual assault, and the tacit approval by JCPS of future incidences of sexual assault, including the one committed against the Plaintiff, Plaintiff has been harmed in an amount sufficient to invoke the jurisdiction of this Court.

**COUNT ONE**
**VIOLATION OF TITLE IX**
**20 U.S.C. § 1681, *et seq.***

15. Paragraphs one through 14 are incorporated by reference as if stated in full herein.

16. Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681(a), states that

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefit of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance. . . .

17. Title IX is implemented through the Code of Federal Regulations. See 34 C.F.R. Part 106.

18. 34 C.F.R. § 106.8(b) provides:

> . . . A recipient shall adopt and publish grievance procedures providing for prompt and equitable resolution of student and employee complaints alleging any action which would be prohibited by this part.

19. In *Gebser v. Lago Vista Independent School District*, 524 U.S. 274 (1988), the United States Supreme Court recognized that a recipient of federal educational funds intentionally violates Title IX, and is subject to a private damages action, where the recipient is "deliberately indifferent" to known acts of teacher-student discrimination.

20. In *Davis v. Monroe County Board. of Education*, 526 U.S. 629 (1999), the United States Supreme Court extended the private damages action recognized in *Gebser* to cases where the harasser is a student, rather than a teacher.

21. *Davis* held that a complainant may prevail in a private Title IX damages action against a school district in cases of student-on-student harassment where the funding recipient is

a) deliberately indifferent to sexual harassment of which the recipient has actual knowledge, and

b) the harassment is so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school.

*Davis*, 526 U.S. at 1669–76.

22. The Fourteenth Amendment to the United States Constitution provides in pertinent part that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

23. The sex-based harassment articulated above was so severe, pervasive, and objectively offensive that it deprived Plaintiff of access to educational opportunities or benefit provided by the school.

24. The Defendant School District created and/or subjected Plaintiff to a hostile educational environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) ("Title IX"), because

a) Plaintiff was a member of a protected class;

b) she was subjected to sexual harassment in the form of a sexual assault by another student;

c) she was subjected to harassment based on her sex; and

d) she was subjected to a hostile educational environment created by the School District's lack of policies and procedures and failure to properly investigate and/or address the prior incidences of sexually assaultive behavior committed by R.R.

25. Defendant School District and its officials had actual knowledge of the prior incidences of sexual assault and the resulting assault of Plaintiff created by its failure to investigate, discipline, or remove Plaintiff's attacker from the school in a timely manner and consistent with its own policy and federal and state law.

26. The Defendant School District's failure to promptly and appropriately respond to the prior incidences of sexually assaultive behavior, resulted in Plaintiff, on the basis of her sex, being excluded from participation in, being denied the benefits of, and being subjected to discrimination in the District's education program in violation of Title IX.

27. Defendant School District failed to take immediate, effective remedial steps to resolve the prior instances of sexually assaultive behavior and instead acted with deliberate indifference toward Plaintiff.

28. This policy and/or practice constituted disparate treatment of females and had a disparate impact on female students.

29. As a direct and proximate result of the aforementioned conduct, Plaintiff has suffered physical pain and suffering, emotional distress and/or embarrassment and/or humiliation and/or mental anguish, all of which exceed the minimal jurisdictional amount of this Court..

**COUNT TWO**
***MONELL* LIABILITY FOR VIOLATION OF CIVIL RIGHTS – 42 U.S.C. § 1983**

30. Plaintiff incorporates by reference, as if set forth fully herein, each and every averment, allegation or statement contained in all previous paragraphs of this Complaint.

31. The teachers and administrators of Pleasure Ridge Park High School were "state actors" working for JCPS, a federally funded school system.

32. Under the Equal Protection Clause of the Fourteenth Amendment, Plaintiff had the right to equal access to an education environment free from harassment and discrimination.

33. Defendant JCPS knew of, or reasonably should have known of or expected, such conduct from R.R. as set forth above based upon his past conduct, including but not limited to, at least two prior incidents of the sexually assaultive behavior at Pleasure Ridge Park High School.

34. Defendants JCPS failed to train and/or supervise its employees and agents at Pleasure Ridge Park High School adequately to take appropriate corrective action from R.R.'s prior sexually assaultive behavior. That failure to train and/or supervise amounted to deliberate indifference to the rights of Plaintiff.

35. Defendant JCPS' failure to take corrective action to protect students, including Plaintiff, from R.R.'s conduct constituted a tacit approval of the conduct, such that their deliberate indifference in the failure to act amounts to an official policy of inaction on the part of Defendants JCPS and that this custom was the moving force and/or a direct causal link to the constitutional deprivations suffered by the Plaintiff.

36. As a direct and proximate result of the aforementioned conduct, Plaintiff has suffered physical pain and suffering, emotional distress and/or embarrassment and/or humiliation and/or mental anguish, all of which exceed the minimal jurisdictional amount of this Court.

**WHEREFORE,** the Plaintiff demands the following:

1. Compensatory damages for Plaintiff's physical, psychological, and emotional distress and damages;

2. That she be awarded punitive damages in an amount according to proof at trial;

3. For her costs herein incurred, including a reasonable attorney's fee;

4. For a trial by jury on all issues so triable; and

6. For any such other relief as he may appear entitled.

**JURY DEMAND**

Now comes the Plaintiff, Jane Doe, by and through counsel, and demands a trial by jury.

Respectfully submitted,

/s/ Andrew Thomas Lay____________________

Andrew Thomas Lay
CLAY DANIEL WALTON & ADAMS PLLC
101 Meidinger Tower
462 South Fourth Street
Louisville, Kentucky 40202
(502) 561-2005
pete@justiceky.com