UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

***Electronically Filed***

| | | |
|---|---|---|
| JANE DOE<br><br>PLAINTIFF<br><br>v.<br><br>JEFFERSON COUNTY BOARD OF EDUCATION<br><br>DEFENDANT | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 3:16-CV-00053-DJH |

## ANSWER TO COMPLAINT

Defendant Jefferson County Board of Education, by counsel, for its Answer to the Complaint filed by Plaintiff Jane Doe, hereby states as follows:

### FIRST DEFENSE

The Complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

The claims set forth in the Complaint fail, in whole or in part, based on Defendant's lack of notice.

### THIRD DEFENSE

The claims set forth in the Complaint fail, in whole or in part, based on the Defendant's reasonable response and/or lack of deliberate indifference.

### FOURTH DEFENSE

The claims set forth in the Complaint fail, in whole or in part, based on Plaintiff's own conduct.

**FIFTH DEFENSE**

Defendant maintained a policy prohibiting discrimination and harassment among students and a procedure for the resolution of complaints alleging discrimination or harassment, including measures to prevent future improper conduct and to discipline the offending party.

**SIXTH DEFENSE**

The claims set forth in the Complaint are barred, in whole or in part, by sovereign and/or governmental immunity.

**SEVENTH DEFENSE**

The claims set forth in the Complaint are barred, in whole or in part, by estoppel, laches, waiver, and/or the applicable statute of limitations.

**EIGHTH DEFENSE**

If Plaintiff suffered injury or damage, as alleged in the Complaint, said injury or damage was the proximate result of the actions of persons or entities for whom Defendant has no responsibility, control, or liability.

**NINTH DEFENSE**

Plaintiff has failed to mitigate damages, if any.

**TENTH DEFENSE**

Plaintiff's claim for exemplary damages is barred, in whole or in part, by provisions of the United States Constitution and other applicable statutes and decisional law.

**ELEVENTH DEFENSE**

Defendant asserts all affirmative defenses that the facts may establish are available under Rule 8 and Rule 12 of the Federal Rules of Civil Procedure.

**TWELFTH DEFENSE**

Defendant reserves the right to amend or supplement this Answer, file additional pleadings, and rely upon further defenses as shown necessary by the evidence.

**THIRTEENTH DEFENSE**

In response to the specific allegations in Plaintiff's Complaint, Defendant hereby states as follows:

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and, therefore, denies them.

2. Defendant admits the allegations in Paragraph 2 of the Complaint.

3. In response to the allegations in Paragraph 3 of the Complaint, Defendant admits that jurisdiction is proper in this Court, but denies that there exists any basis for imposing liability on or awarding damages against Defendant.

4. In response to the allegations in Paragraph 4 of the Complaint, Defendant admits that jurisdiction is proper in this Court, but denies that there exists any basis for imposing liability on or awarding damages against Defendant.

5. In response to the allegations in Paragraph 5 of the Complaint, Defendant admits that venue is proper in this Court, but denies that there exists any basis for imposing liability on or awarding damages against Defendant.

6. Defendant, assuming it is correct in its belief as to the true identity of Plaintiff, admits the allegations in Paragraph 6 of the Complaint.

7. In response to the allegations in Paragraph 7 of the Complaint, Defendant admits that Plaintiff reported an allegation of sexual assault involving a fellow student, R.R. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 and, therefore, denies them.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and, therefore, denies them, except that the referenced video, if any, speaks for itself.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and, therefore, denies them.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, therefore, denies them. Defendant denies any allegation or implication that its employee and/or agents intentionally lost or destroyed the referenced video.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and, therefore, denies them.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and, therefore, denies them.

13. Defendant denies the allegations in Paragraph 13 of the Complaint.

14. Defendant denies the allegations in Paragraph 14 of the Complaint. Defendant further states that the jurisdictional provisions relied upon by Plaintiff require no particular amount in controversy.

15. In response to the allegations in Paragraph 15 of the Complaint, Defendant reiterates, adopts, and incorporates by reference its responses and defenses to Paragraphs 1 through 14 of the Complaint as if fully set forth herein.

16. Paragraph 16 of the Complaint contains summary statements and/or legal conclusions to which no response is required. To the extent that Paragraph 16 contains factual allegations, Defendant denies them.

17. Paragraph 17 of the Complaint contains summary statements and/or legal conclusions to which no response is required. To the extent that Paragraph 17 contains factual allegations, Defendant denies them.

18. Paragraph 18 of the Complaint contains summary statements and/or legal conclusions to which no response is required. To the extent that Paragraph 18 contains factual allegations, Defendant denies them.

19. Paragraph 19 of the Complaint contains summary statements and/or legal conclusions to which no response is required. To the extent that Paragraph 19 contains factual allegations, Defendant denies them.

20. Paragraph 20 of the Complaint contains summary statements and/or legal conclusions to which no response is required. To the extent that Paragraph 20 contains factual allegations, Defendant denies them.

21. Paragraph 21 of the Complaint, including all subparts, contains summary statements and/or legal conclusions to which no response is required. To the extent that Paragraph 21 contains factual allegations, Defendant denies them.

22. Paragraph 22 of the Complaint contains summary statements and/or legal conclusions to which no response is required. To the extent that Paragraph 22 contains factual allegations, Defendant denies them.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Defendant denies the allegations in Paragraph 24 of the Complaint, including all subparts.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Complaint. Defendant further states that the jurisdictional provisions relied upon by Plaintiff require no particular amount in controversy.

30. In response to the allegations in Paragraph 30 of the Complaint, Defendant reiterates, adopts, and incorporates by reference its responses and defenses to Paragraphs 1 through 29 of the Complaint as if fully set forth herein.

31. In response to the allegations in Paragraph 31 of the Complaint, Defendant admits that the teachers and administrators of Pleasure Ridge Park High School are employed by Defendant and that Defendant receives certain funding from the federal government. Defendant denies the remaining allegations in Paragraph 31.

32. Paragraph 32 of the Complaint contains summary statements and/or legal conclusions to which no response is required. To the extent that Paragraph 32 contains factual allegations, Defendant denies them.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint. Defendant further states that the jurisdictional provisions relied upon by Plaintiff require no particular amount in controversy.

37. Each and every other allegation of the Complaint not expressly admitted or otherwise answered is hereby denied.

38. Insofar as the Complaint's prayer for relief contains allegations that must be admitted or denied, Defendant denies them.

WHEREFORE, Defendant Jefferson County Board of Education demands as follows:

A. Judgment dismissing the Complaint with prejudice;

B. Its costs herein expended; and

C. Any and all other relief to which it may be entitled.

Respectfully submitted,

*/s/C. Tyson Gorman*
C. Tyson Gorman
tgorman@wyattfirm.com
Sean G. Williamson
swilliamson@wyattfirm.com
WYATT, TARRANT & COMBS, LLP
500 West Jefferson Street, Suite 2800
Louisville, KY 40202-2898
502.589.5235

*Counsel for Defendant Jefferson County Board of Education*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 22, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Andrew Thomas Lay
pete@justiceky.com
CLAY DANIEL WALTON & ADAMS, PLLC
101 Meidinger Tower
462 South Fourth Street
Louisville, KY 40202
502.561.2005

*Counsel for Plaintiff*

*/s/C. Tyson Gorman*
C. Tyson Gorman

*Counsel for Defendants Jefferson County Board of Education*

61459955.2